IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION



FILED

March 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DEMETRIUS ROBERTSON,    *    C.C.A. # 02C01-9706-CR-00220

    Appellant,    *    SHELBY COUNTY

VS.    *    Hon. Joseph Brown, Jr., Judge

STATE OF TENNESSEE,    *    (Possession With Intent to Sell)

    Appellee.    *


For Appellant:

Russell J. Johnson
Attorney
5100 Poplar Avenue, 27th Floor
Memphis, TN  38137

For Appellee:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Kevin Rardin
Asst. District Attorney General
Criminal Justice Complex
201 Poplar Avenue, Suite 301
Memphis, TN  38103


OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

## OPINION

The defendant, Demetrius Robertson, entered a plea of guilt to possession of a controlled substance with intent to sell. The trial court imposed a sentence of split confinement: six months in jail followed by a three-year probationary period.

In this appeal,[1] the defendant argues that she should have been granted an alternative sentence. We disagree. The judgment of the trial court is, therefore, affirmed.

A search warrant for the defendant's apartment yielded 11.32 grams of cocaine, scales, drug paraphernalia, and a nine millimeter handgun with nine live rounds. The defendant, who had an eight-year-old child living in her residence, explained that three men who resided with her for the purpose of protecting her and her son from break-ins, were responsible for the presence of the illegal drugs and other items seized by the police. The defendant complains that the trial court should have granted immediate probation or placed her in a Community Corrections program.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing

---

[1]The Notice of Appeal was filed approximately eighty days after the entry of judgment. Within sixty days of the judgment, the defendant had filed a petition to rehear. The state acknowledged on the appeal that such petition may be treated as a Motion to Reduce Sentence under Rule 35(b), Tenn. R. Crim. P. See State v. Irick, 861 S.W.2d 375 (Tenn. Crim. App. 1993). In the appeal of an order pursuant to Rule 35, the scope of review is limited to abuse of discretion. Id. Because the defendant is not entitled to relief under the more favorable standard of a direct appeal, as indicated by this opinion, she would not be entitled to relief under Rule 35.

in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn.

3

1986).  "[E]ach case must be bottomed upon its own facts."  State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration."  Tenn. Code Ann. § 40-36-103.  The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims.  State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990).  That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that she is entitled to be sentenced under the Act as a matter of law or right.  Taylor, 744 S.W.2d at 922.  The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses;  and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

4

The defendant received a favorable presentence report. She is employed and has taken steps to improve the quality of her life. Yet the defendant has a prior criminal history as a juvenile. As an adult, she had been granted probation on a prior felony offense. There was a relatively large amount of cocaine found in her residence, thus the nature of this offense was serious. Finally, the trial court determined that the defendant had been untruthful in a prior court appearance about the degree of relationship with James "Black" Williams, who was apparently involved in illegal drug possession and who was one of the three individuals she had allowed to reside in her home just prior to this offense.

Under these circumstances, the trial judge is entitled to the presumption of correctness in the imposition of sentence. We fully concur with his assessment.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Jerry L. Smith, Judge