IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 27, 2004 Session

## STATE OF TENNESSEE v. PHYLLIS E. HATHAWAY

**Direct Appeal from the Criminal Court for Washington County**
**No. 17540A     Robert E. Cupp, Judge**

**No. E2004-00223-CCA-R3-PC - Filed February 28, 2005**

The petitioner, Phyllis Hathaway, appeals from the trial court's order modifying her probation and setting her restitution. On appeal, the petitioner argues that the trial court erred in (1) imposing consecutive sentences and probation on December 7, 1989 because the judgments had become final; and (2) in determining restitution fourteen (14) years after the sentencing hearing. Following review, we conclude that the judgment expiration issue is without merit. In addition, we affirm the trial court's modification of the petitioner's probation. However, after review of the record, we conclude that the trial court failed to follow the criteria set forth in Tennessee Code Annotated section 40-35-304 when setting restitution. Therefore, regarding the issue of restitution, we reverse the judgment of the trial court and remand for a new sentencing hearing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part and Reversed in Part, and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Janie Lindamood, Johnson City, Tennessee, for the appellant, Phyllis E. Hathaway.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS & PROCEDURAL HISTORY

In order to place the issues in context, we must briefly summarize the procedural events which have culminated in this appeal.[1] The petitioner, Phyllis Hathaway, was indicted on twenty-two (22) counts of grand larceny, class D felonies. On September 13, 1989, she pled guilty to six

---

[1] In order to properly explain procedural events of this case, we refer to the judges by name.

(6) counts of grand larceny in exchange for the dismissal of the remaining counts of the indictment. Upon accepting the plea, the Honorable Thomas J. Seeley sentenced her to three (3) years for each count as a Range I standard offender, but reserved "further sentencing and determination as to whether or not [the petitioner] should be put on probation . . . [and] whether or not [the sentence should be] concurrent or consecutive." Based upon the parties' earlier discussion to allow ample time to calculate potential restitution, Judge Seeley set this hearing for December 1, 1989. After the plea colloquy, judgment forms were entered. Noted on the judgments for counts 1, 2, 3, 4, and 6 was an indication that the petitioner would serve a three-year sentence on each count along with a designation that the sentence was to run concurrently. The judgment for count 7 indicated a three-year sentence, but did not designate whether the sentence was to run concurrently or consecutively. All six (6) judgment forms were signed in the middle of the form by Judge Seeley with the notation "Rest Reserved" immediately above his signature.

On December 7, 1989, for reasons not revealed in the record, the petitioner appeared before the Honorable Arden L. Hill to be sentenced. At the sentencing hearing, Judge Hill noted that he would determine the two (2) issues reserved by Judge Seeley – probation eligibility and whether the petitioner's sentences were to run concurrently or consecutively. At the conclusion of the sentencing hearing, Judge Hill determined that the petitioner's six (6) sentences were to run "consecutive to each other, because of the amount of money involved, the numerous incidents[,] the fact that an employee stole from an employer, and the fact that she was in a position of trust, and the monies spent were for luxuries instead of necessities." Judge Hill also found that the petitioner had not been cooperative with the State in locating and returning all the money and items to the victim, and lifted the petitioner's sentencing cap of eighteen (18) years. Additionally, Judge Hill suspended the petitioner's consecutive sentences and placed her on sixty (60) years probation. As a condition of probation, the petitioner was ordered to pay restitution in the amount of 40% of her net pay.[2]

On September 14, 2001, a violation of probation summons was issued against the petitioner for failure to pay restitution during the month of July 2001. On December 7, 2001, the petitioner filed a motion, requesting that the trial court (1) reduce her probationary term to time served, (2) find that collection of financial restitution be pursued through the civil courts, and (3) find that her noncompliance with the probationary terms was not wilful and intentional, but that the petitioner lacked the ability to pay.[3] On December 11, 2002, the petitioner filed a motion to set aside or amend judgment alleging that her sentence was illegal and a hearing was held before the Honorable Robert E. Cupp on April 28, 2003.

At the hearing, Judge Cupp determined that the sixty (60) years probation was illegal and modified the petitioner's probation to four (4) years for each count for a total of twenty-four (24) years. In addition, Judge Cupp noted that the original judgment failed to set a definite amount of

---

[2] Although not entirely clear from the record, monthly restitution payments were later set at $250 to $300 per month.

[3] The record does not indicate the resolution of the probation revocation proceedings or the petitioner's motion to reduce probation.

restitution, leaving the amount to be determined at a later date. Therefore, Judge Cupp set the amount of restitution based on the civil judgment of $280,000 less the combined restitution payments to the victim, leaving an unpaid balance of $53,247. On January 23, 2004, Judge Cupp entered an order treating the entire matter as a post-conviction motion to correct an illegal sentence, modifying the petitioner's probation, and setting the amount of restitution. From that order, the petitioner now appeals.

## ANALYSIS

### I. Illegal Sentencing

#### A.  Appellate Review

Initially, we must determine this court's jurisdiction to adjudicate the petitioner's appeal. We note that the petitioner seeks direct appeal from the trial court's order modifying her probation and setting her restitution payment amount. However, Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit direct appeal of a trial court's disposition of a motion to correct an illegal sentence. See Cox v. State, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001) ("Generally, trial court orders denying motions to correct sentences are not appealable as a matter of right."). Rule 3(b) contemplates an appeal as of right from a judgment of conviction, from an order denying or revoking probation, or "from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The proper method for a petitioner to challenge an illegal or void sentence is through a petition for habeas corpus relief, the denial of which by a trial court can be directly appealed to this Court. See Tenn. R. App. P. 3(b); Tenn. Code Ann. § 29-21-127 (2000); Cox, 53 S.W.3d at 293. From the record, we discern that the petitioner failed to proceed by means of a petition for habeas corpus relief. However, we do not believe that the petitioner's failure to seek habeas corpus relief would necessarily deprive her of appellate review in this case.

It is well-settled that a trial judge "may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). An illegal sentence is one that directly contravenes a statute in existence at the time the sentence is imposed. See Taylor v. State, 995 S.W.2d 78, 83-84 (Tenn. 1999); State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *3 (Tenn. Crim. App., at Nashville, Oct. 13, 2000). In rare circumstances, appellate review from the denial or grant of a motion to correct an illegal sentence may be pursued through a petition for writ of certiorari. See Tenn. Code Ann. § 27-8-101 (2000); State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); State v. Ernest Eugene Thomas, No. E2000-02613-CCA-R3-CD, 2001 WL 873524, at *2 (Tenn. Crim. App., at Knoxville, Aug. 3, 2001); Jones, 2000 WL 1520012, at *3. "The writ of certiorari may be granted . . . in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101. Motions asserting errors in sentencing which do not rise to the level of illegality or voidness should rarely be considered via writ of certiorari. See Cox, 53 S.W.3d at 294; Robin McNeal Vanhoose v. State, No. W2003-02176-CCA-R3-CO, 2004 WL 2085370, at *2

(Tenn. Crim. App., at Jackson, Sept. 17, 2004). In the present case, we believe that it is in the interest of justice and judicial economy to consider this appeal as a petition for writ of certiorari and to deal with the petition on the merits.

## B. Entry of Final Judgment

On appeal, the petitioner first argues that Judge Cupp correctly determined that the December 7, 1989 order was illegal, but nonetheless erred in finding only the probationary terms illegal and not the entire sentence. Specifically, the petitioner contends that final judgment was entered on September 13, 1989 when Judge Seeley accepted the petitioner's guilty pleas, not on December 7, 1989. Therefore, when Judge Hill ordered consecutive sentencing and sixty (60) years probation on December 7, 1989, he modified a pre-existing judgment that had become final after thirty (30) days, thereby creating an illegal sentence. To support her argument, the petitioner points to the judgment forms executed on September 13, 1989. The judgment forms reflect that five (5) of the petitioner's six (6) sentences were to run concurrently and not consecutively as determined by Judge Hill on December 7, 1989.

As a general rule, "a judgment of conviction entered upon a guilty plea becomes final thirty (30) days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). See also Tenn. R. App. P. 4(a); State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Once the thirty-day period has expired, the trial court generally does not have the authority to amend its judgment. Peele, 58 S.W.3d at 704 (citations omitted). Although, in certain circumstances, the trial court does maintain jurisdiction over the defendant and his sentence relative to its length and manner of service. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991).

In the present case, the petitioner's argument that Judge Hill lacked jurisdiction to impose consecutive sentencing and grant probation is flawed. This Court has previously stated that the transcript controls when the record shows a conflict between the judgment form and the transcript. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Although reflected somewhat differently in the judgment forms, the transcript of the petitioner's guilty plea hearing clearly establishes that both the petitioner's sentencing and her probation eligibility were to be decided at a later date. Moreover, the record indicates that the petitioner did not object to the postponement of her sentencing hearing. In addition, a review of the record shows that the entry of the "sentencing date" on the bottom of all of the judgment forms is conspicuously left blank. Likewise, the notation "Rest Reserved" is written directly above Judge Seeley's signature located in the middle of each judgment form, an indication that sentencing would be reserved for a later date. Therefore, it is apparent from the record that Judge Hill maintained jurisdiction over the petitioner and properly determined the reserved issues relating to the length and manner of the petitioner's sentence.

In addition, the petitioner's challenge to the sentencing court's jurisdiction is a claim that is untimely and fails to meet the procedural requirements for appeal. See Tenn. R. App. P. 4 (limiting direct appeal to thirty (30) days after date of entry of judgment appealed from); Tenn. Code Ann. §

-4-

40-30-102 (barring appeal unless it is filed within one year on the date judgment became final). As we have previously stated, appellate review under writ of certiorari may be granted if the sentence rises to the level of illegality or voidness. For a sentence to be illegal and not simply erroneous, the sentence must directly contravene a statute in existence at the time the sentence is imposed. "If the judgment of sentencing, on its face, is within the statutorily set range for the [p]etitioner's offense, but the challenge raises merely a sentencing anomaly, then the sentence is voidable rather than void." Barry Winfred Ritchie v. State, No. E2002-02609-CCA-R3-PC, 2003 WL 21972931, at *7 (Tenn. Crim. App., at Knoxville, Aug. 18, 2003) perm. to appeal dismissed (Tenn. 2003) (citing Cox, 53 S.W.3d at 291-92). It is clear from the record that the petitioner's sentence is neither illegal nor void, but at best a clerical error. As such, the petitioner waived any arguments relating to the length and manner of sentence when failing to properly appeal. Therefore, this issue is without merit.

### C. Consecutive Sentencing

As a related matter, the petitioner argues that Judge Hill had no authority to impose consecutive sentences for multiple convictions because he did not set forth reasons sufficient to justify his decision as required by Tennessee Code Annotated section 40-35-115.

Upon review, we conclude that the imposition of consecutive sentencing was authorized by law and therefore not illegal. Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115 exists. The statute provides, in pertinent part:

> (a) If a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section.
> (b) The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood . . . .

Tenn. Code Ann. § 40-35-115 (2003).

This statute is essentially a codification of two cases, Gray v. State, 538 S.W.2d 391 (Tenn. 1976) and State v. Taylor, 739 S.W.2d 227 (Tenn. 1987). Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The first four (4) criteria were taken directly from Gray and the fifth was derived from Taylor. The sixth and seventh criteria were later added by the General Assembly in 1990. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. In Gray, our supreme court held that aggravating circumstances must be present before placement in any one of the classifications and that "a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant." Gray, 538 S.W.2d at 393.

In ordering the consecutive sentences, Judge Hill made the following findings:

[I]t takes an exceptional case to take [the petitioner's sentence] outside of [Gray], but, in my opinion this is one of them considering the amount of money involved; and the numerous incidents in which [the petitioner] took money home, and . . . that she was stealing from her employer after being put in a position of trust; and that she was spending this money . . . not for necessities . . . [but] most of this monies was spent for luxuries. And considering all of that I'm of the opinion this falls into a category where . . . the six sentences in the case of the [the petitioner] should be, and [are] hereby consecutively to each other.

In our view, the record supports the finding that the petitioner qualified for consecutive sentencing. Although Judge Hill did not mention specifically the statutory criteria for running the petitioner's sentences consecutively, he did articulate grounds applicable to finding that the petitioner was a professional criminal. See, e.g., State v. Desirey, 909 S.W.2d 20, 32-33 (Tenn. Crim. App. 1995) (finding professional criminal status where the defendant's entire source of income derived from an ongoing illegal gambling business); State v. Frank Michael Vukelich, No. M1999-00618-CCA-R3-CD, 2001 WL 1044617, at *21-22 (Tenn. Crim. App., at Nashville, Sept. 11, 2001), perm. app. denied (Tenn. Apr. 1, 2002) (finding of professional criminal was appropriate where the defendant was a major marijuana dealer for the past several years and used the proceeds of his illegal enterprise to purchase a house and a boat and to partially finance his legitimate business); State v. Joe Frank Boyd, No. 02C01-9901-CC-00020, 1999 WL 516344, at *3 (Tenn. Crim. App., at Jackson, July 22, 1999) (finding professional criminal status where the defendant earned a major source of his livelihood by stealing from client accounts, and relied on the stolen funds to maintain his legitimate business); State v. Troy Carney and James Andrew Slaughter, Jr., No. 01C01-9412-CR-00425, 1996 WL 76163, at *7 (Tenn. Crim. App., at Nashville, Feb. 23, 1996), perm. app. denied (Tenn. Mar. 3, 1997) (finding the criteria of professional criminal applicable where the defendant derived significant income from the sale of drugs, and his lifestyle significantly exceeded the income he reported receiving from legitimate sources); State v. Frank Whitus, No. 01C01-9301-CR-00038, 1993 WL 273927, at *2-3 (Tenn. Crim. App., at Nashville, July 22, 1993) (finding professional criminal status where the defendant systematically defrauded the Tennessee Housing Development Authority over three (3) years via fraudulent loans amounting to over $1,000,000). Again, the petitioner has the burden of proving that the court imposed an illegal sentence when it ordered her sentences to run consecutively. The petitioner has failed to bear the burden in this instance. Therefore, this issue is without merit.

## D. Probation

The petitioner argues that Judge Cupp erred in failing to fully analyze the imposition of the petitioner's sentence including probation under the 1982 and 1989 law in order to determine the lesser punishment. However, upon closer inspection, we find that the petitioner's analysis of this issue is similar to Judge Cupp's rationale for declaring the sentence illegal and modifying the probationary terms. The only difference is that the petitioner contends that her consecutive sentences

were illegal; therefore, Judge Cupp erred in failing to set aside Judge Hill's order and finding her probation expired. Because we have previously concluded that the imposition of consecutive sentences was authorized by law, we need not address the petitioner's argument on this issue. However, we will address the State's argument that Judge Cupp erred in modifying the terms of the petitioner's probation from sixty (60) years to twenty-four (24) years because the original terms of probation were not illegal.

At the 2003 hearing, Judge Cupp determined that under the 1989 Act, "the [petitioner] was entitled to be sentenced as a Class D felony from two (2) to four (4) years." As a result, Judge Cupp found that the petitioner was correctly sentenced as a Range I standard offender to three (3) years for each Class D felony conviction for a total effective sentence of eighteen (18) years. However, Judge Cupp determined that under the 1989 Act, the trial court erred in determining a sixty-year probationary term because the court could "only sentence to the maximum within the range on probation, which means the most [Judge Hill] could have sentenced [the petitioner] to is four (4) years probation [for each conviction]." Judge Cupp further elaborated:

> The court finds based on what I've put in the record today that [in 1989] this [petitioner] . . . could have been placed on probation for a period of twenty-four years the max, and that's based upon what I said. It's a Class D. The maximum in that range is four years. I find that she's a professional criminal. She used that for her livelihood. Therefore, the sentences can be run consecutive for four years at six offenses for twenty-four years.

In the present case, the petitioner's sentence is somewhat anomalous because of the fact that the petitioner was sentenced on September 13, 1989, but with probation eligibility and length of sentence reserved until December 7, 1989. Therefore our review will include a comparison of the petitioner's sentence under both the 1982 and 1989 Act. However, the petitioner's probation was imposed on December 7, 1989. Therefore, Judge Cupp's modification of probation will be reviewed under relevant code provisions of the 1989 Act.

Tennessee Code Annotated section 40-35-117 provides that persons sentenced after November 1, 1989, for crimes committed between July 1, 1982, and November 1, 1989, must be sentenced under the 1989 Act, "[u]nless prohibited by the United States or Tennessee Constitution." Tenn. Code Ann. § 40-35-117(b). Also, Tennessee Code Annotated section 39-11-112 states that if the 1989 Act provides for a lesser penalty, punishment shall be imposed in accordance with the 1989 Act. Furthermore, compliance with the *ex post facto* prohibitions of the federal and Tennessee Constitutions, requires that "trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two." State v. Pearson, 858 S.W.2d 879, 884 (Tenn. 1993).

Felony offenses in existence prior to November 1, 1989, are classified in Tennessee Code Annotated section 40-35-118. As noted in the comments, section 40-35-118 determines the

appropriate classification for sentencing purposes for offenses which occurred prior to November 1, 1989, but where the defendant is sentenced after that date. The classification scheme essentially lists every offense in existence prior to the enactment of the 1989 Act accompanied by a classification of either Class A, B, C, D, or E felony. The listing of prior offenses, with a corresponding felony classification, enables the punishment to be readily ascertained for those offenses which occurred prior to November 1, 1989. Tenn. Code Ann. § 40-35-117, Sentencing Commission Comments. The Sentencing Commission Comment to section 40-35-118 offers further guidance:

> The new definitions and classifications cannot be utilized for offenses which occurred prior to November 1, 1989, because, in many instances, the elements of the offense are completely different. Consequently, . . . this section sets forth the felony classification which is to be utilized for those offenses which occurred prior to November 1, 1989, when the sentencing takes place after that date.

The petitioner pled guilty to six (6) counts of grand larceny as previously defined by Tennessee Code Annotated section 39-3-1104 which was repealed as of November 1, 1989. For the purposes of sentencing under the 1989 Act, grand larceny is classified as a Class D felony. Tenn. Code Ann. 40-35-118. Under the 1989 Act, the applicable sentencing range for a Class D felony is "not less than two (2) nor more than four (4) years" for a Range I offender. Tenn. Code Ann. § 40-35-112. Under the 1982 Act, the applicable sentencing range for a Class D felony was "not less than three (3) years nor more than ten (10) years." Tenn. Code Ann. § 39-3-1104 (1982) (repealed). Therefore, the petitioner's sentence of three (3) years per felony offense falls within the applicable range under both the 1982 and 1989 Act and complies with the *ex post facto* provisions of the federal and Tennessee Constitutions.

However, as the State correctly asserts, Judge Cupp was incorrect in finding that the petitioner's probationary sentence of sixty (60) years contravened the 1989 Act and was illegal. According to Tennessee Code Annotated section 40-35-303(c), a trial court may impose probation "up to and including the statutory maximum time for the class of the conviction offense." Tenn. Code Ann. § 40-35-303(c). The Sentencing Commission Comments to this section state:

> [T]he judge must fix a specific sentence even where probation is granted. The judge must then fix the duration of the period of probation. There is no requirement that the duration of probation be the same as the length of the sentence imposed. However, the duration of the probation must be at least the length of the statutory minimum sentence. Further, even though the length of the actual sentence is restricted to that required by the particular range, the judge may fix the length of probation up to the statutory maximum for the class of the offense. For example, the judge could find that the defendant, convicted of a Class D felony, is a Range I, standard offender and impose a sentence of two (2) years, which could be suspended for a period of time up to twelve (12) years, because the statutory maximum for a Class D felony is twelve (12) years. However, the probation period could not be less

than two (2) years. The commission believes that courts should have a great degree of latitude in fixing the length of probation since this might encourage the use of probation as a sentencing alternative. An extended time on probation supervision may be warranted where the defendant has to make a great deal of restitution to the victim. It should be noted that the trial judge may always modify the length of the terms of probation pursuant to § 40-35-308.

Tenn. Code Ann. 40-35-303(c), Sentencing Commission Comments; but see State v. Vito Summa, No. 02C01-9411-CR-00254, 1995 WL 764994, at *3 (Tenn. Crim. App., at Jackson, Dec. 28, 1995) perm. app. denied (Tenn. May 13, 1996) (holding that trial court should not have sentenced the defendant to probationary period longer than confinement period provided by statute); State v. Steven B. Mangrum, No. 01-C-019007CC00176, 1991 WL 20373, at *2 (Tenn. Crim. App., at Nashville, Feb. 21, 1991) (holding that "probationary period beyond the sentence actually imposed would be illegal, not merely erroneous, and could be set aside at any time"); State v. Jason C. Deyton, Jr., No. 234, 1989 WL 7327, at *2 (Tenn. Crim. App., at Knoxville, Feb. 2, 1989) (finding that "the plain meaning of T.C.A. § 40-35-303(c) is the judge imposes a specific sentence, suspends all or a part thereof, and places the defendant on probation for whatever part of the sentence is suspended. Probation is during the sentence actually imposed".).

Although the applicable sentencing range is two (2) to four (4) years for a Range I offender under the 1989 Act, the statutory maximum for a Class D felony is twelve (12) years. Tenn. Code Ann. § 40-35-111. The discrepancy is resolved when one realizes that the statutory maximum incorporates all of the sentencing ranges for a Class D felony – Range I, II, III. Because the 1989 Act allows for a longer probationary period than the 1982 Act, Judge Hill's grant of probation for ten (10) years per offense was correct. In fact, had Judge Hill ordered twelve (12) years of probation under the 1989 Act, the sentence would have violated *ex post facto* prohibitions. See Pearson, 858 S.W.2d 879, 884 (Tenn. 1993). As a result, we conclude that the probationary period ordered was not illegal.

Nonetheless, we conclude that Judge Cupp had authority to modify probation. According to Tennessee Code Annotated section 40-35-303(c), Sentencing Commission Comments, modification of the length of the terms of probation is permitted by section 40-35-308. Moreover, pursuant to Tennessee Code Annotated section 40-35-212, the trial court retains full jurisdiction to modify the terms and conditions of any sentence unless the petitioner receives a sentence in the Department of Correction. Tenn. Code Ann. § 40-35-212(c), Sentencing Commission Comments. Looking at the title to this section, "Condition of sentence; probation; jurisdiction," it can be inferred that jurisdiction to modify the terms and condition of any sentence encompasses jurisdiction to modify probation. In this case, the petitioner was sentenced to an effective sentence of eighteen (18) years but given sixty (60) years probation. Although the original probationary period did not create an illegal sentence, the ordering of sixty (60) years probation in light of the petitioner's eighteen (18) year sentence appears to this Court as excessive and onerous. See State v. Mathes, 114 S.W.3d 915, 918 (Tenn. 2003) (stating that probation conditions must serve goals of rehabilitation or deterrence); State v. Irick, 861 S.W.2d 375, 377 (Tenn. Crim. App. 1993) (finding imposition of twenty-four (24)

years of probation inappropriate where probation was obviously imposed to aid collection of a future civil judgment). At the 2003 hearing, Judge Cupp determined that the petitioner's probationary period should be modified from sixty (60) years to twenty-four (24) years. Such action is a matter of judgment within the sound discretion of the court. Consequently, we affirm Judge Cupp's modification of the petitioner's probation.

## D. Restitution

Lastly, the petitioner argues that the trial court erred in setting restitution. Specifically, the petitioner contends that the trial court had no authority to set restitution fourteen (14) years after sentencing because the specific amount of restitution was not set at the December 7, 1989 sentencing hearing, and the sentence imposed was illegal. The petitioner also contends that the trial court erred when utilizing the amount of $280,000 from a prior civil judgment and in failing to consider the reasonableness of the amount, and her ability to pay before setting restitution.

This Court has previously stated that if a trial court orders restitution as a condition of probation during the sentencing hearing, but the judgment omits such a condition, then the trial court retains authority to modify the judgment to reflect the payment of restitution. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). In addition, Tennessee Code Annotated section 40-35-304 provides in relevant part:

> (a) A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation.
>
> (b) Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss.
>
> (c) The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim and may permit payment or performance in installments. . . .
> . . . .
> (f) A defendant . . . at any time may petition the sentencing court to adjust or otherwise waive payment or performance of any ordered restitution or any unpaid or unperformed portion thereof. . . . If the court finds that the circumstances upon which it based the imposition or amount and method of payment or other restitution ordered no longer exist or that it otherwise would be unjust to require payment or other restitution as imposed, the court may adjust or waive payment of the unpaid portion thereof or other restitution or modify the time or method of making restitution. The court may extend the restitution schedule, but not beyond the term of probation supervision.

Tenn. Code Ann. § 40-35-304(a)-(c), (f). Moreover, Tennessee Code Annotated section 40-35-308 gives the court the authority to modify or remove any condition of probation originally imposed so long as the court does not create new conditions more onerous than those originally imposed. Tenn. Code Ann. § 40-35-308.

According to the record, Judge Hill, as a condition of probation, ordered the petitioner to make restitution in the amount of forty percent of her net pay but did not specify a definite amount or set a specific time of payment. In addition, it is unclear from the record whether Judge Hill considered the victim's actual pecuniary loss or the petitioner's ability to pay.[4] Tennessee Code Annotated section 40-35-304(c) states that the trial court shall specify the amount of time and payment at the sentencing hearing. Moreover, restitution should be made only where special damages are "substantiated by evidence in the record." Tenn. Code Ann. § 40-35-304(e). Because Judge Hill did not set the specific amount of restitution on December 7, 1989, it was proper for Judge Cupp to modify the petitioner's restitution payment to reflect a definite amount and payment schedule at the 2003 hearing.

However, we agree with the petitioner that Judge Cupp erred in utilizing the civil judgment amount to establish pecuniary loss of the victim and in failing to consider the petitioner's ability to pay when determining restitution. Although a sentencing court may direct a defendant to make restitution for the victim's pecuniary loss, basing the amount of restitution upon a civil judgment could constitute error because civil judgments may reflect general damages, which are specifically excluded from restitution. Tenn. Code Ann. § 40-35-304(e); Irick, 861 S.W.2d at 376-77. Moreover, the statute clearly provides that the sentencing court must consider the petitioner's financial resources and future ability to pay restitution before determining restitution. Tenn. Code Ann. § 40-35-304(d).

While the record fully supports the trial court's authority to modify the petitioner's restitution payments, the record is not entirely clear regarding the victim's actual pecuniary loss. Although the restitution amount does not have to mirror or equal the precise pecuniary loss, it must be reasonable. State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). Moreover, the record is silent with regard to any finding of the petitioner's ability to pay the ordered restitution during the entire period of probation. Consequently, we remand the determination of restitution for a new hearing consistent with this opinion. The terms of restitution should be definitive, reasonable, and considered separately from other judgments. Calculation of restitution should include an accounting of the restitutionary amounts already paid to the victim. Also, the petitioner's current financial status must be considered. Should the petitioner's financial status change during the probationary period, the court can adjust the restitution payments accordingly.

**CONCLUSION**

---

[4] The presentence report was not submitted as part of the record.

Based upon the foregoing, we affirm the trial court's modification of the petitioner's probationary term from sixty (60) years to twenty-four (24) years. However, we remand the case to the Washington County Criminal Court for a determination of the appropriate amount of restitution consistent with this opinion.

_____
J.C. McLIN, JUDGE