STATE of Tennessee, Appellee

v.

Larry E. IRICK, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

May 14, 1993.

Permission to Appeal Denied by
Supreme Court Aug. 2, 1993.

William C. Talman, Knoxville, for appellant.

Charles W. Burson, Atty. Gen., and Amy L. Tarkington, Asst. Atty. Gen., Nashville, David E. Crockett, Dist. Atty. Gen., and Kenneth C. Baldwin, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

BIRCH, Judge.

Larry E. Irick, the defendant, pleaded guilty to three counts of vehicular homicide [1] and two counts of vehicular assault.[2] After a hearing, the trial court sentenced Irick as is reflected in the following minute entry:

> In this cause, defendant's motion to withdraw guilty plea is denied by the Court. Sentencing hearing is held and defendant is sentenced as follows: Counts 1, 2 & 3—three (3) years in each count, standard offender, range 1. Counts 1 and 2 are to run consecutively. Count #3 is to run concurrently to counts 1 & 2. Counts 4 & 5—three years in each count, to run consecutively to counts 1 & 2, total sentence of twelve (12) years. Probation denied in counts 1, 2 & 3—six year sentence in penitentiary. Probation granted in counts 4 & 5 to the maximum (12 years). To report to jail on July 21, 1991.

1. T.C.A. § 39-13-213.

2. T.C.A. § 39-13-106.

Thus, as best as we can determine, Irick must spend six years in the Department of Correction at thirty percent as a Range I offender. He is then to be released to serve two three-year consecutive sentences on probation for twelve years each—a total of twenty-four years on probation.

Irick chose not to appeal the sentence imposed. Instead, he filed a "MOTION FOR REDUCTION AND/OR MODIFICATION OF SENTENCE," as authorized by Rule 35(b), Tenn.R.Crim.P. This motion was filed almost four months after imposition of sentence. Nevertheless, the trial court conducted an evidentiary hearing on the motion and denied relief.

Irick appeals as a matter of right, and the issue before us is whether the trial court erred in denying Irick relief on his Rule 35(b) motion.

On appeal, he frames the following issues:

1. Whether the trial court erred in applying certain enhancement factors;
2. Whether the trial court erred in ordering the sentences be served consecutively;
3. Whether the trial court erred in refusing to suspend all of the sentences; and
4. Whether the trial court erred in ordering, as a condition of the probated sentences, the payment of restitution in the amount of any civil judgment subsequently obtained against the defendant by the victims of the crime.

■ Rule 35(b) of the Tenn.R.Crim.P. authorizes a trial judge to reconsider a previously-imposed sentence and reduce it if such a reduction is "in the interest of justice." Rule 35(b), Tenn.R.Crim.P. (commission comments). In contrast to the standard of review applicable to sentencing appeals perfected under T.C.A. § 40–35–401(d),[3] appellate review of Rule 35(b) rulings is governed by the "abuse of discretion" standard.

We have carefully considered Irick's first three issues in light of the applicable standard of review described above. We have identified nothing in the record that would

permit us to conclude that the trial judge abused his discretion as to these issues. Each is, therefore, without merit.

However, in applying the same standard to the restitution issue, we reach a different conclusion.

Restitution as a condition of probation is authorized by T.C.A. § 40–35–304, which provides in pertinent part:

(a) A sentencing court may direct a defendant to make restitution to the victim of an offense as a condition of probation.

(b) Whenever the court believes that restitution may be proper ... the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's *pecuniary* loss.

(c) The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim....

(d) In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform.

(e) For the purposes of this section, "pecuniary loss" means: (1) *All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant;* and (2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense.... (emphasis added)

■ Contrary to the clear mandates of the statute, the trial judge did not specify the amount of restitution to be paid by the defendant. He failed to do so at the initial sentencing hearing and again at the Rule 35(b) hearing. The trial judge, himself, stated that there was insufficient evidence in the record to establish the amount of pecuniary loss suffered by the victims. Moreover, basing the amount of restitution upon a civil judg-

---

**3.** Such appeals are reviewed *de novo* with a presumption of correctness. *See* T.C.A. § 40–35– 401(d).

ment is palpable error because personal injury judgments ordinarily include general damages, and general damages are specifically excluded from restitution by T.C.A. § 40–35–304(e).[4]

On a final note, we find the trial judge's order placing the defendant on probation for twenty-four years inappropriate. Such a lengthy term, imposed for the purpose of "restitution," was clearly intended to aid the collection of a future civil judgment. Refusal to modify this excessive period of probation is an abuse of discretion. We vacate the order. We remand this cause for a new sentencing hearing on the issues of restitution and probation only.

JONES and TIPTON, JJ., concur.

---

4. We note that the civil judgment does not even exist, since the victims' civil suits against the defendant are pending—a powerful inducement for settlement.