IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

December 4, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9611-CC-00472 |
| Appellee, | ) | |
| | ) | CHEATHAM COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT E. BURCH, |
| AUSTIN KIPLING STRATTON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sale of Cocaine) |

**FOR THE APPELLANT:**

**R. N. (BO) TAYLOR (Appeal)**
112 Long Hollow Pike
Suite 206
Goodlettsville, TN 37072

**JAMES M. JOHNSON (Trial Court)**
112 Frey Street
Ashland City, TN 37015-1806

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DARYL J. BRAND**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

**DAN M. ALSOBROOKS**
District Attorney General

**SUZANNE M. LOCKERT**
Assistant District Attorney General
P. O. Box 580
Charlotte, TN 37036-0580

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Defendant, Austin Kipling Stratton, seeks review of his consecutive sentences totaling twenty (20) years for various drug offenses. The sentences resulted from a plea of guilty. We find that the notice of appeal was untimely filed, and no relief is merited under Tenn. R. Crim. P. 35(b). Accordingly, we affirm the judgment of the trial court.

**PROCEDURAL HISTORY**

On October 24, 1994, defendant entered a guilty plea to two (2) counts of selling cocaine, one (1) count of possession of cocaine with intent to sell, and one (1) count of simple possession of marijuana. On December 16, 1994, the trial court sentenced him to ten (10) years in the Tennessee Department of Correction on one (1) count of selling cocaine; ten (10) years consecutive on the possession of cocaine with intent to sell; six (6) years concurrent on the other count of selling cocaine; and eleven (11) months, twenty-nine (29) days on the marijuana possession, concurrent, for an effective sentence of twenty (20) years. He was represented by the same counsel at plea and sentencing. After the sentencing, second counsel filed a Motion for New Trial. Before it was heard, present counsel was retained. Counsel persuaded the trial court to consider the motion for new trial as a Rule 35(b) motion. After an evidentiary hearing on June 19, 1996, the trial court denied relief. Defendant filed his notice of appeal on June 28, 1996.

**UNTIMELY NOTICE OF APPEAL**

Upon pleading guilty and being sentenced, defendant should have filed a notice of appeal within thirty (30) days after the entry of the judgments. Tenn. R. App. P. 4(a). Instead, he filed a motion for new trial. Such a motion is not appropriate after a guilty plea. *See* State v. McClintock, 732 S.W.2d 268, 271 (Tenn.

2

1987). The motion did not toll the thirty-day period. Therefore, the notice of appeal filed in June 1996 was untimely.

The notice of appeal is not jurisdictional in criminal cases, and its untimely filing may be waived "in the interest of justice." Tenn. R. App. P. 4(a). Defendant was sentenced in December 1994, and the motion for new trial was filed in January 1995. The motion converting the new trial request into a Tenn. R. Crim. P. 35(b) hearing was not filed and heard until June 1996, some year and a half later. The record is unclear as to why the delay was so lengthy. We see no reason to waive the untimely filing in the interest of justice.

We, therefore, will review the denial of the Tenn. R. Crim. P. 35(b) request for a reduction in the sentence.[1]

## RULE 35 STANDARD OF REVIEW

Tenn. R. Crim. P. 35(b) authorizes a trial judge to reconsider a previously-imposed sentence and reduce it if such a reduction is "in the interest of justice." Tenn. R. Crim. P. 35(b), Advisory Commission Comments. In contrast to the standard of review applicable to sentencing appeals perfected under Tenn. Code Ann. § 40-35-401(d), appellate review of Rule 35(b) rulings is governed by the "abuse of discretion" standard. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

In addition to the present drug convictions, defendant had prior convictions for possession of marijuana, possession of drug paraphernalia and felony possession of marijuana with intent to sell. He was on probation for the latter felony offense when he committed the drug paraphernalia offense.

Defendant had been doing various drugs for over twenty (20) years and

---

[1]We realize the ordinary standard of review of sentences is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). If we had waived the untimely filing of the notice of appeal, such would have been our standard of review of defendant's sentences. Even though we have elected not to waive the untimely filing, we, nevertheless, have examined the record under the *de novo* standard with a presumption of correctness. Considering the statutory guidelines, the sentencing hearing testimony and the entire record, we conclude the trial court did not err in the imposition of the sentences. Thus, we reach the same conclusion under this standard of review that we do in reviewing the Tenn. R. Crim. P. 35(b) denial.

considered himself a drug addict for at least fifteen (15) years. He began selling drugs in the late 1980's. His employment history was sporadic. He received significant financial assistance from his mother. It is also apparent he profited greatly from the sale of drugs over the years even though he used much of this profit to purchase drugs for personal use.

The defendant conceded that he would travel to Nashville approximately twice a week and purchase approximately five to seven grams of cocaine for resale. Although the purchase price approximated $50 per gram, defendant's resale of the cocaine was for approximately $50 per half gram. The trial court found that defendant was a "professional criminal" and "an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(1) and (2). Accordingly, the trial court found that running two of the ten-year sentences consecutively was appropriate. We agree. The testimony of the defendant supports these findings of the trial court.

The trial court properly concluded that the defendant had been selling drugs for a minimum of eight years. The record supports the need to protect society against further criminal conduct by the defendant, and that the consecutive sentences are reasonably related to the severity of the offenses committed. See State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In summary, we find no abuse of discretion in the trial court's refusal to reduce defendant's sentences.

Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

4

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**WILLIAM M. BARKER, JUDGE**