# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. KENNETH RAY WHITE

**Appeal from the Circuit Court for Humphreys County**
**No. CR-9799-A      Robert E. Burch, Judge**

---

**No. M2002-00125-CCA-R3-CD - Filed September 11, 2002**

---

The Appellant, Kenneth Ray White, appeals from the sentencing decision of the Humphreys County Circuit Court denying his request for probation. In this appeal, White raises the issue of whether the trial court abused its discretion by ordering a sentence of incarceration rather than the less restrictive alternative of community corrections. After review, we find no abuse of discretion. As such, the trial court's decision is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Jake Lockert, District Public Defender; Richard D. Taylor, Jr., Assistant Public Defender, Ashland City, Tennessee, for the Appellant, Kenneth Ray White.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Peter M. Coughlan, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On August 15, 2000, the Appellant was convicted of aggravated assault and received a sentence of three years probation. Immediately following sentencing, the Appellant was transported to the Dickson County jail to face adjudication on charges pending there.

The Appellant's repentant ways were of short duration. On November 1, 2000, a probation violation warrant was issued based upon the alleged violations of: (1) failure to report to the probation officer; (2) failure to make payments on restitution and costs; and (3) failure to provide

a DNA sample. At the probation violation hearing held on September 25, 2001, the Appellant testified and admitted his failure to comply with the terms and conditions of his probation. The hearing resulted in the revocation of the Appellant's probation and reinstatement of his original three-year Department of Correction sentence.[1]

On November 13, 2002, the Appellant filed a *pro se* motion seeking appointment of counsel for purposes of filing a "Motion For Early Release/Motion For Release on Probation/Motion For Post-Conviction Relief." Following appointment of counsel, the Appellant's motion was heard on December 27, 2001. At the hearing, the trial court considered the Appellant's motion as one seeking early release or reinstatement of probation. The Appellant asserted at the hearing that the trial court should have sentenced him to a less restrictive punishment than incarceration. This contention was based upon the fact that he had already been incarcerated for the previous ten months on a separate probation violation in a separate county, the large number of children he had, the fact he had a commitment for a job upon release, and he had a stable home environment. The trial court denied the Appellant's motion and this appeal followed.

## Analysis

Before entertaining review of the issue presented, we are constrained to note that the Appellant and the State both frame and analyze the issue as "an appeal from a finding that Appellant was in violation of his probation sentence at a hearing held September 25, 2001 . . . ." The Appellant and the State suggest that the Appellant's motion of November 13th be treated "as a petition to reconsider its prior order revoking probation."

The trial court's judgment of September 25, 2001, revoking the Appellant's probation became final on October 25, 2001, when no appeal of the judgment was taken. *See* Tenn. R. App. P. 4. The Appellant's motion of November 13, 2001 was filed after the revocation order became final; therefore, the motion could not relitigate issues which were *res judicata*. Nonetheless, we find the trial court properly considered the Appellant's motion pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, which permits correction or reduction of a sentence, if filed within 120 days after the sentence is imposed or probation is revoked. Although at the time the Appellant was sentenced to the Department of Correction, the trial court retained sentencing jurisdiction as the Appellant was housed in the local jail awaiting transfer to the Tennessee Department of Correction. *See* Tenn. Code Ann. § 40-35-303(e). Additionally, the record reflects that the Appellant's "Motion For Release on Probation" was heard within 120 days of the trial court's order revoking probation. Appellate review of a Rule 35(b) ruling is governed by an "abuse of discretion" standard. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

Because the Appellant chose not to appeal revocation and reinstatement of his original three-year sentence, we are required to presume that the trial court's ruling in favor of incarceration was

---

[1] Prior to this hearing in Humphreys County, the Appellant had been incarcerated in the Hickman County jail from February 25, 2001, to September 24, 2001, on separate charges of probation violations.

correct.  Our focus is thus primarily upon proof occurring subsequent to the last sentencing determination which demonstrates the Appellant's amenability for probation.  The proof in this case is less than compelling.  Essentially, the only proof developed subsequent to the Appellant's last sentencing hearing established: (1) that he had served ninety-three additional days for his sentence; (2) that he may have a job if released upon probation; and (3) following his revocation on September 25th, the Appellant was found in contempt for making "disrespectful and unprovoked comments to the Court."  Review under an abuse of discretion standard simply means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *See State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)).  Based upon the record, we cannot conclude that the trial court abused its discretion in denying the Appellant's motion to modify his three-year Department of Correction sentence. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE