# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. BRADLEY RYAN WEBB

### State Appeal from the Circuit Court for Cocke County
### Nos. 7974-7978; Circuit Court for Jefferson County No. 6916,  Ben W. Hooper II, Judge

---

### No. E2002-01375-CCA-R3-CD
### February 26, 2003

---

The State appeals the ruling of the Cocke County Circuit Court modifying the sentence of the Appellee, Bradley Ryan Webb, pursuant to Rule 35, Tennessee Rules of Criminal Procedure.  Under the terms of a plea agreement, Webb received an effective six-year Department of Correction (DOC) sentence, which stemmed from six theft convictions in Cocke and Jefferson counties.  The plea agreement provided that the six-year DOC sentence would be served concurrently with a federal sentence Webb was serving.  Following a timely filed Rule 35 motion, the trial court modified Webb's DOC sentences to "time served" and ordered removal of the state detainer warrant lodged against Webb.  The trial court found that modification was necessary to effectuate the intent of the plea agreement.  The State argues that the trial court's ruling was improper because Webb's sentences were imposed as a result of an "agreed plea," and any post-sentencing developments complained of by Webb were not unforeseen.  After review, we conclude that Webb's sentence was improperly modified.  Accordingly, the judgment of the trial court is reversed, and this case is remanded for reinstatement of the judgments of conviction as originally entered.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed; Remanded.

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

William M. Leibrock, Newport, Tennessee, for the Appellee, Bradley Ryan Webb.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

In May 2000, the Appellee pled guilty in Cocke County to two counts of Class D felony theft and three counts of Class B felony theft, and he also pled to one count of Class D felony theft, stemming from an indictment in Jefferson County. The plea agreement provided that the Appellee would receive two-year sentences on each Class D theft conviction and six-year sentences on each Class B theft conviction, with all sentences to be served concurrently. The plea agreement further provided that sentencing would be deferred to permit the Appellee to be sentenced in federal district court on charges which were pending at the time. After federal sentencing was completed, the Appellee would be returned to the state court for sentencing and, as agreed, his state sentences would run concurrently with his federal sentences. On January 8, 2001, the sentences were imposed by the trial court in Cocke County. On March 9, 2001, the Appellee, pursuant to Rule 35(b),Tennessee Rules of Criminal Procedure, filed a *pro se* motion requesting that his state sentence be "run co-terminus to his sentence of 30 months imposed by the United States District Court for the Eastern District of Tennessee." The trial court's order granting the Appellee's Rule 35 motion recites the following findings:

> 2. The defendant had an effective sentence of 6 years, and has accumulated substantial credit towards that sentence. The Court relies on the T.O.M.I.S. offender report generated by the Tennessee Department of Correction in finding that he is well beyond his release eligibility date.

> 3. The Court is aware that the Tennessee Board of Paroles has conducted foreign jurisdiction hearings in this matter last year and this year, in the absence of the defendant, and has not granted parole.

> 4. The Court finds that the defendant is in federal custody with a release date of December 23, 2002, and is currently under detainer from the State of Tennessee for the sentences referenced above. The active detainer has adversely affected his security level, causing him to be removed from the camp and placed in a federal correctional facility, and further, will prevent his placement in a halfway house by the federal system.

> 5. The Court specifically makes note of the State's objection to any alteration in the terms of the plea agreement, but finds that under the circumstances of this particular matter, it is appropriate to amend his state sentences from Cocke and Jefferson County, enumerated above, to run co-terminus with his federal sentence, and the detainer removed. It is, therefore, ORDERED that these sentences be modified to time served and the balance to be served on supervised probation, and that the State take such action as is necessary to withdraw the detainer and execute any additional forms as may be required to amend this judgment.

## ANALYSIS

Modification of a sentence may be granted under Rule 35(b),Tennessee Rules of Criminal Procedure,[1] if the trial court finds "in the interest of justice," that the sentence must be reduced. *State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). However, where a trial court accepts a guilty plea agreement under Rule 11(e)(1)(C), Tennessee Rules of Criminal Procedure, the trial court should not modify the agreed upon sentence absent unusual circumstances, such as unforeseen post-sentencing developments. *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1994). On appeal, the trial court's disposition of a motion to modify will not be disturbed unless the appellate court finds an abuse of discretion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993); *State v. Costa*, No. 01C01-9511-CR-00376 (Tenn. Crim. App. at Nashville, Dec. 4, 1997).

The Appellee argues that granting the Rule 35 motion was entirely proper, as modification was necessary to reflect the original agreement of the parties. Moreover, the Appellee argues that, after he was returned to federal custody following state sentencing, the office of the district attorney general placed a state detainer on him which "adversely affected his security level" and resulted in loss of other inmate privileges. On the other hand, the State argues that the plea agreement provides that the Appellee's state and federal sentences are to be served "concurrently," not "co-terminus," and that the Appellee was not guaranteed parole after service of thirty percent of his sentence.

It is undisputed that the plea agreement executed by the Appellee and his attorney and the plea recommendation by the prosecutor at sentencing is as follows:

> The defendant shall receive a sentence of six years, TDOC to run concurrently with case no. 6916 on the docket of the Jefferson County Circuit Court and concurrently with cases 7974 and 7975 of the Circuit Court of Cocke County. All Jefferson and Cocke sentences shall run concurrently with sentencing to be imposed by the U.S. District Federal Court of Greenville, Tennessee, and the sentencing in this cause shall be deferred until after the sentencing in Federal Court. The defendant shall likewise pay as restitution all reward money paid by the victim in this cause for the return of the three motorcycles involved.

> The above terms represent the full agreement between the parties.

---

[1] Rule 35 provides in relevant part as follows:

(b) The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. . . . If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

Placing considerable blame with the prosecutor's office for lodging the detainer against the Appellee while he was in federal custody, the trial court granted the Rule 35 motion. The court concluded that it was the intent of the State and the Appellee that the state and federal sentences were to be served "co-terminus." We are unable to agree with this conclusion. The plea agreement executed by the Appellee, the trial court's pronouncement at the guilty plea hearing, and the trial court's docket entry all reflect that the state and federal sentences were to be served "concurrently." There is nothing in the record supporting the Appellee's argument that the sentences were to be "co-terminus," which was defined by the Appellee as "when he did that Federal time he was supposed to get out of jail." Furthermore, with regard to the detainer, we would note that, under the Interstate Compact on Detainers Act, it was incumbent upon the district attorney general to notify the warden at the federal correctional facility where the Appellee was incarcerated as to the disposition of charges in this state. Tenn. Code Ann. § 40-31-101 to - 108. As such, the prosecutor's action may not be characterized as unforeseen. Because the Appellee has failed to establish any "unforeseen, post sentencing development[s]," it was an abuse of discretion for the trial court to modify the agreed sentence.

## CONCLUSION

Based upon the foregoing, we find that it was abuse of discretion for the trial court to grant the Appellee's Rule 35 motion for modification of sentence. Accordingly, the judgment of the trial court is reversed, and this case is remanded for reinstatement of the judgments of conviction as originally entered.

_____
DAVID G. HAYES, JUDGE

-4-