IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs May 14, 2008

**STATE OF TENNESSEE v. LOVARD D. HORTON**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-B-1419    Mark J. Fishburn, Judge**

_____

**No. M2007-02163-CCA-R3-CD - Filed June 18, 2008**

_____

The Defendant, Lovard D. Horton, pled guilty to two counts of conspiracy to sell 300 grams or more of cocaine, possession with intent to sell seventy pounds or more of marijuana, and possession with intent to sell or deliver 300 pounds or more of marijuana within 1000 feet of a school zone. The trial court sentenced the Defendant pursuant to the plea agreement to an effective sentence of twenty-eight years in prison. The Defendant filed a motion to reduce his sentence, which the trial court denied. On appeal, the Defendant contends the trial court erred when it denied his motion. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

William E. Griffith, Nashville, Tennessee, for the Appellant, Lovard D. Horton.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Leslie E. Price, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Tammy H. Meade, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

A Davidson County Grand Jury indicted the Defendant on ten counts alleging drug-related crimes. Subsequently, he pled guilty to four of those counts: two counts of conspiracy to sell 300 grams or more of cocaine (Count 1 and Count 2); one count of possession with intent to sell seventy pounds or more of marijuana (Count 7); and one count of possession with intent to sell or deliver 300 pounds or more of marijuana within 1000 feet of a school zone (Count 10). The Defendant's petition to enter a plea of guilty reflects that the parties agreed the Defendant would receive an eighteen year sentence, as a Range I offender, for Counts 1 and 2. He would

receive an eight year sentence, as a Range I offender, for Count 7, and a twenty year sentence for Count 10. The parties further agreed that the sentences for Counts 1, 2, and 10 should run concurrently, with the sentence for Count 7 running consecutively to the others. The Defendant's sentence would be effectively twenty-eight years, and the remaining charges against him were dismissed. The trial court accepted the Defendant's guilty plea and sentenced the Defendant in accordance with the plea agreement.

Subsequently, the Defendant filed a pro se Tennessee Rule of Criminal Procedure 35(b) motion to reduce his sentence. The Defendant listed on his motion his Tennessee Department of Correction number and listed his address in the penitentiary. In support of his motion the Defendant asserted:

> 1.) The sentence range for the offenses of **Sale of Cocaine of over 300 grams, Money Laundering, Conspiracy to sale [sic] Marijuana**, of which the Defendant stands convicted, is twenty-six (26) years in custody of TDOC.
> The following specified post-conviction sentencing information or events
> 2.) make it now in the interest of justice that the Defendant should not serve the sentence as imposed less on hundred twenty (120) days prior to this motion
> The [D]efendant, because of youth or old age, lacked
> a.) substantial judgment in committing the offense;
> The [D]efendant['s] sentence is at a Range I status and [he]
> b.) has no other State felony convictions.
> The Defendant is a first time felon and would be a good
> c.) candidate for relief if given.

The trial court appointed the Defendant counsel, and the State responded to the Defendant's motion. In the State's response, it asserted that the trial court should deny the Defendant's motion because: (1) the Defendant was ineligible for probation; (2) there were no unforeseen post-sentencing developments that would entitle the Defendant to a sentence reduction; and (3) the Defendant's age, thirty-eight, was neither young enough nor old enough to show that he lacked substantial judgment in committing these offenses.

The Defendant's appointed counsel responded to the State's motion, asserting first that the trial court had jurisdiction over this matter. The Defendant conceded that he was not eligible for probation or community corrections. He, however, requested that his sentence be modified to reflect concurrent sentencing on all counts, which would result in an effective sentence of fifteen years at thirty percent.

At the hearing on the motion, the Defendant testified that he pled guilty on February 5, 2007, and he was in the midst of serving his twenty-eight year sentence, at thirty percent. The sentence was comprised of one twenty year sentence and one eight year sentence, which were

ordered to be served consecutively. He requested that the trial court order his eight year sentence run concurrently with his twenty year sentence. The Defendant testified he had been incarcerated approximately thirty-six months.

After a hearing, the trial court found:

The Court respectfully denies the defendant's motion to modify his sentence under the provisions of Rule 35 in the Tennessee Rules of Criminal Procedure. The Court is of the opinion that that particular rule doesn't apply to this type of situation and is intended only for possible relief for someone who has arise circumstances that could not have been known prior to the imposition of the sentence. I'm glad he's doing well at the penitentiary, but rule 35 is an extraordinary relief in the interest of justice for circumstances that make the imposition of the original sentence particularly inhumane or unjust because of those unforeseeable circumstances that arose and that would maybe be someone being diagnosed with cancer who's going to die in six month or something to that effect, but this because all of the sudden he doesn't like being out at the penitentiary is not grounds for modification under rule 35.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends the trial court erred when it denied his motion to reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35(b). Rule 35 of the Tennessee Rules of Criminal Procedure provides:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

Tenn. R. Crim. P. 35 (a)-(c). "This rule does not vest the defendant with a remedy as of right." *State v. Elvin Williams*, No. M2006-00287-CCA-R3-CO, 2007 WL 551289, at *1 (Tenn. Crim. App., at Nashville, Feb. 27, 2007), *perm. app. denied*, (Tenn. 2007). The Advisory Commission Comments to Rule 35 state, "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice. The modification permitted by this rule is any modification otherwise permitted by the law when the judge originally imposed [the] sentence." When the appellate court reviews the denial of relief

on a motion to reduce or modify a sentence, the standard is whether the trial court abused its discretion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

The Defendant's judgment was entered on February 5, 2007. He filed his pro se motion to reduce his sentence on April 4, 2007, well within the 120-day time limit provided by the rule. The Defendant asserts that the trial court erred when it denied his motion to reduce his sentence. We need not address this concern as the trial court was without jurisdiction to entertain the motion.

Tennessee Code Annotated section 40-35-212 (2006) provides:

(c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.

(d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. Such jurisdiction shall continue until such time as the defendant is actually transferred to the physical custody of the department.

At the time of the filing of the Rule 35 motion, April 4, 2007, the record reflects that the Defendant was in the physical custody of the Department of Correction. Therefore, the trial court no longer had jurisdiction over the appellant's sentence. *See State v. Sherman Tyler Rumsey*, No. M2007-00093-CCA-R3-CD, 2007 WL 2350095, at *2 (Tenn. Crim. App., at Nashville, Aug. 14, 2007); *State v. Elvin Williams*, No. M2006-00287-CCA-R3-CO, 2007 WL 551289, at *2 (Tenn. Crim. App., at Nashville, Feb. 22, 2007); *State v. Immanuel Eldridge Harney*, No. M2003-03004-CCA-R3-CD, 2005 WL 94462, at *2 (Tenn. Crim. App., at Nashville, Jan. 12, 2005). As such, the trial court did not have the jurisdiction to grant the Defendant Rule 35 relief, even had the court had been so inclined. Accordingly, the trial court did not err in dismissing the motion.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE