IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 6, 2009

**STATE OF TENNESSEE v. RANDY WHITE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-06883     John T. Fowlkes, Judge**

—————————

**No. W2009-00596-CCA-R3-CD  -  Filed November 23, 2009**

—————————

The *pro se* defendant, Randy White, appeals the trial court's denial of his Rule 35 motion for a reduction in sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Randy White, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On May 27, 2008, the defendant, indicted in 2006 for second degree murder, pled guilty to voluntary manslaughter, a Class C felony, in exchange for a ten-year sentence as a Range II, multiple offender in the Department of Correction. The judgment was entered on June 30, 2008. Although it is not included in the record, the defendant apparently filed a *pro se* motion on August 20, 2008, requesting that his sentence be reduced because he was illegally sentenced as a Range II offender. On February 9, 2009, the trial court entered a written order denying the motion. This appeal followed.

**ANALYSIS**

On appeal, the defendant contends: that it was illegal for him to be sentenced outside his range; that he would not have entered into the plea agreement had he known of the illegal sentence;

and that he should be resentenced as a Range I, standard offender pursuant to law. The State argues that the trial court properly denied the motion because the defendant failed to show circumstances that would warrant a modification of his sentence. We agree with the State.

Tennessee Rule of Criminal Procedure 35 authorizes a trial court to reduce a sentence "upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). "The intent of [the] rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Commission Comments. Furthermore, a trial court may deny a motion without a hearing. Tenn. R. Crim. P. 35(c). Our supreme court has concluded that although the success of a Rule 35 motion in the case of a negotiated plea agreement would be very limited, "a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994) (footnote omitted). We review the trial court's ruling on the defendant's motion to reduce his sentence under an abuse of discretion standard. See State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

In denying the defendant's motion, the trial court stated in pertinent part:

A review of this matter indicates that the Defendant's entry of guilty plea was done in a knowing, voluntary and intelligent fashion. A manifest injustice has not occurred, and his motion is without merit. After examination of the MOTION filed in this case, together with the files, record, transcripts and correspondence relating to the judgment and previously imposed sentence, this Court finds that the MOTION is hereby denied.

We conclude that the trial court did not abuse its discretion in denying the motion. The defendant, who is apparently operating under the mistaken belief that the agreed-upon sentence outside his normal sentencing range is illegal, see Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007) (explaining that "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations"), has shown no "unforeseen, post-sentencing developments" that would warrant a reduction or modification in his sentence.

## CONCLUSION

Based on our review, we conclude that the trial court properly denied the defendant's motion to reduce his sentence. Accordingly, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE