IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION

FILED

June 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9806-CR-00221 |
| Appellee, | ) | |
| | ) | Greene County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| JAMES ALAN MORGAN, | ) | |
| | ) | (Motion for Reduction of Sentence) |
| Appellant. | ) | |

FOR THE APPELLANT:

James Alan Morgan, *pro se*
#253649
Brushy Mountain State Penitentiary
P. O. Box 1000
Petros, TN  37845

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

C. Berkeley Bell, Jr.
District Attorney General
109 South Main Street, Suite 501
Greeneville, TN  37743

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The *pro se* appellant, James Alan Morgan, appeals as of right from the trial court's denial of his motion for a correction or reduction of sentence. The appellant was found guilty of voluntary manslaughter, a Class C felony, by a Greene County jury. The trial court imposed a sentence of four years in the Department of Correction, plus a fine of $10,000. On appeal, the appellant, in support of his motion, presented thirteen alleged trial errors, ranging from lack of jury instructions to a denial of probation. We will treat appellant's request as an abuse of discretion issue in denying the motion. Finding no abuse of discretion, we affirm the judgment of the trial court.

## I.

## PROCEDURAL BACKGROUND

On May 3, 1993, the Greene County grand jury indicted the appellant for the second degree murder of Randy Hurd in 1992. At the conclusion of a jury trial on January 6, 1994, the appellant was found guilty of voluntary manslaughter. On direct appeal, this Court affirmed the conviction. *State v. James Alan Morgan,* No. 03C01-9408-CR-00305 (Tenn. Crim. App., Knoxville, March 13, 1997), *per. app. denied* (Tenn. 1997).

On May 28, 1998, the appellant filed a motion to rehear or modify sentence, pursuant to Tenn. Code Ann. § 40-35-212 and Tenn. R. Crim. P. 35, with the Greene County Criminal Court. On May 29, 1998, the trial court dismissed the motion to rehear or modify sentence without a hearing. On appeal, the appellant contends his sentence should be modified or he should be granted a rehearing on numerous trial errors:

1.  Did the trial judge err in not instructing the jury on criminally negligent homicide?

2.  Did Mr. Mills improperly place the allegation of abuse inflicted on Joyce Paxton by the defendant before the court?

3-4. Did the trial judge abuse his discretion in the use of enhancement factors ten (10) and sixteen (16)?

5. Did the trial judge abuse his discretion by considering the statement of "longstanding dispute with this woman that was present?"

6-9. Did the trial judge abuse his discretion in not considering mitigating factors two (2), three (3), eleven (11), and thirteen (13)?

10. Did the trial judge improperly state the defendant does not qualify for alternative sentencing?

11. Did the trial judge abuse his discretion in the denial of probation?

12. Did the trial judge abuse his discretion in denying probation on the statement to "deter people recklessly using handguns to kill?"

13. Did the trial judge abuse his discretion in the denial of probation by considering that "this was the ultimate injury to the victim?"

## II.

## LEGAL ANALYSIS

Under Rule 35(b), Tenn. R. Crim. P., a sentence may be corrected or reduced if the trial court determines it is in the "interest of justice." *State v. McDonald,* 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). The Rule provides in pertinent part:

> The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

The appellant has failed to establish that the "interests of justice" require a modification or reduction of his sentence. The trial court had jurisdiction to hear a motion filed under Rule 35(b), and this Court has jurisdiction to review the denial of the same. The standard of review is abuse of discretion. *State v. Irick,* 861 S.W.2d 375 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1993). In this case, the motion was not timely filed by the appellant within the strict 120-day limit under Rule 35(b) and was properly dismissed,

3

because it was barred by the time limit in the rule, thus depriving the trial court of jurisdiction. *State v. Bobby Joe Raines,* No. 03C01-9204-CR-00151 ( Tenn. Crim. App., Knoxville, October 15, 1992), *per. app. denied* (Tenn. 1993).

Assuming the motion was properly filed, there would be no abuse of discretion in denying the motion. None of the issues raised by the appellant in his brief contain new information that the trial judge did not consider or did not have access to that would warrant a reduction in the interests of justice. Those issues raised by the appellant were subject to a motion for a new trial or post-conviction relief.

In his motion, the appellant contends that his sentence was illegal; however, our review of the record establishes that the appellant's sentence was not illegal. In *Dixon v. State,* 934 S.W.2d 69, 73-74 (Tenn. Crim. App. 1996), cited by the appellant in his reply brief, this Court found the defendant's sentence to be illegal, because the defendant was sentenced as a Range III offender to be served with a Range I release eligibility rate, rather than at the proper Range III release eligibility rate. This violated the express statutory provisions of the sentencing guidelines, and this Court found it to be illegal and a nullity.

The appellant was convicted of voluntary manslaughter and was sentenced to four years as a Range I, standard offender. Thus, the appellant's sentence was legal and not subject to attack so long after the fact.

The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE