# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1996

**FILED**

December 4, 1997

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9511-CR-00376** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN** |
| **PAM COSTA,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Sentencing)** |

FOR THE APPELLANT:

CHARLES R. RAY
Ray and Housch
211 Third Avenue North
Nashville, TN 37219

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

REBECCA LYFORD
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

LILA STATOM
Assistant District Attorney
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Pam Costa appeals as of right from a June 23, 1995 order denying her Motion to Modify Sentence. On April 11, 1994, Appellant pled guilty to rape of a minor and received a twelve year sentence. At the second evidentiary hearing on Appellant's motion, counsel for Appellant requested that he be allowed to make an offer of proof. The presiding judge denied counsel's request. The issue presented by Appellant is whether the trial court erred in denying Appellant's request to make an offer of proof.

After a review of the record, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On April 11, 1994 Appellant pled guilty to rape of a minor and received an agreed upon twelve year sentence. As a standard Range I Offender, Appellant's earliest parole eligibility date was after service of 30% of her sentence. On July 20, 1994, Appellant filed a Motion to Modify Sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. In her Rule 35 motion, she alleged that her sentence should be modified because she would not be paroled until she had served 50% of her sentence due to her status as a sex offender and the alleged "policy" of the Parole Board to deny parole of sex offenders until they had served 50% to 60% of their sentence. A hearing was held on February 24, 1995. At the conclusion of the February hearing, the presiding judge permitted Appellant to supplement the record on the statistical profile of sex offenders in the Department of Correction as compared with other criminals. The hearing was re-opened on June 24, 1995. At the June hearing, Appellant introduced the testimony of Gary Lukowski, the

assistant for Planning and Research for the Tennessee Department of Correction.  He testified that sex offenders were granted parole with less frequency than other criminals according to 1993/1994 statistics.  He further testified that the average sentence for a person convicted of rape in all grand divisions of Tennessee was twelve years with an average incarceration of six and a half years before parole was granted.  Finally, Lukowski testified that other sex offenders generally were not granted parole until they served over 50% of their sentences.  Appellant then tried to introduce the parole records of eleven current sex offender inmates in the Tennessee Prison for Women.  The presiding judge denied counsel's request to introduce these records.  Appellant claims that these files would have helped prove that sex offenders were required to serve 50% to 60% of their sentence before parole was granted.

## MOTION TO MODIFY SENTENCE

In her Motion to Modify Sentence, Appellant argues that her sentence should be modified because of an alleged "policy" of the Parole Board to deny sex offenders parole until fifty to sixty percent of their sentence has been served.  Because of this policy, Appellant argues that she will be denied her thirty percent release eligibility date and therefore will have to serve substantially more time than she expected to serve.  A sentence may be modified under Rule 35 of the Tennessee Rules of Criminal Procedure when the trial court finds that the original sentence must be reduced "in the interests of justice." State v. Hodges, 815 S.W.2d 151,154 (Tenn. 1991); State v. Irick, 861 S.W.2d 375, 276 (Tenn. Crim. App. 1993); Rule 35(b), Tenn. R. Crim. P. (commission comments).  However, where a trial court accepts a Rule

11(e)(1)(C) Tennessee Rule of Criminal Procedure guilty plea agreement, the trial court should not modify the agreed upon sentence absent unusual circumstances, such as unforeseen post-sentencing development. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994) citing State v. Hargrove, 1993 WL 300759, at *2 (Tenn. 1993). On appeal, the trial court's disposition of a motion to modify will not be disturbed unless the appellant court finds an abuse of discretion. Irick, 861 S.W.2d at 376.

Appellant's motion to modify her sentence was properly denied. She has failed to demonstrate any unusual circumstances which would entitle her to a reduced sentence. Any information regarding the release eligibility dates of sex offenders would have been available to Appellant when she agreed to the sentence she received. The fact she did not discover this evidence until after her plea does not entitle her to relief either through a reduction of sentence or post-conviction relief. See, Rickey Sams v. State, 1996 WL 663884 (holding misunderstanding as to parole eligibility not sufficient to render guilty plea involuntary.)

In view of our holding that any misunderstanding of her parole eligibility would not entitle Appellant to a reduction in an agreed upon sentence, we find the trial court did not err in refusing to allow Appellant to place the records of other female sex offenders into evidence. Even if this has been error it was harmless in view of the fact that Mr. Lukowski had testified to the increased incarcerative periods experienced by sex offenders. In addition, there was no real dispute at the hearing that sex offenders serve relatively longer

incarcerative periods than do other types of offenders.  Thus, the exclusion of this evidence adds little if anything to the resolution of this matter.

Accordingly, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
WILLIAM M. BARKER, JUDGE