# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 12, 2014 Session

## STATE OF TENNESSEE v. CHARLES GODSPOWER

**Direct Appeal from the Circuit Court for Rutherford County**
No. F-67377      David Bragg, Judge

**No. M2013-00721-CCA-R3-CD - Filed November 14, 2014**

The appellant, Charles Godspower, pled guilty in the Rutherford County Circuit Court to second degree murder and attempted first degree murder, Class A felonies, and received concurrent 30-year sentences to be served at 100% and 35%, respectively. On appeal, he contends that the trial court erred by denying his motion to reduce his sentences. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Michael Meise (on appeal), Dickson, Tennessee, and Brian Jackson (at trial), Nashville, Tennessee, for the appellant, Charles Godspower.

Robert E. Cooper, Jr., Attorney General & Reporter; Clark B. Thornton, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In January 2012, the Rutherford County Grand Jury indicted the appellant for first degree premeditated murder, first degree felony murder, attempted first degree murder, especially aggravated kidnapping, two counts of aggravated assault, and unlawful possession of a weapon. The charges resulted from the shooting of Briana Brown, the mother of his

child, and Brown's mother, Diana Glover. On November 9, 2012, the appellant signed a plea agreement form in which he agreed to plead guilty to second degree murder as a lesser-included offense of first degree felony murder and attempted first degree murder as charged.

At the appellant's November 13, 2012 guilty plea hearing, the State advised the trial court that the appellant had agreed to plead guilty to second degree murder in exchange for a 30-year sentence, which was "out of range," and that the sentence was to be served at 100%. The State also advised the court that the appellant had agreed to plead guilty to attempted first degree murder in exchange for a 30-year sentence, which also was "out of range," and that the sentence was to be served at 35%. The sentences were to be served concurrently.

The State then gave the following factual account of the crimes: The appellant and Brown became involved in a romantic relationship when Brown was sixteen years old and the appellant was thirty-two years old. A son was born and was about three years old at the time of the crimes. On September 15, 2011, the appellant received a text from Brown, asking for money so that she and their son could go to Holiday World. The appellant became upset because he thought Brown intended to take their son to Holiday World with another man. The appellant, who was a truck driver, drove from Kentucky to Smyrna, where Brown lived with Glover. On the morning of September 16, 2011, the appellant texted Brown that he would bring her the money. The appellant went to the residence and shot Glover in the garage. Brown escaped to her car, but the appellant fired four shots into the car, hitting Brown twice. After the shootings, the appellant telephoned 911 and reported that he had shot two people. Brown died at the scene, but Glover survived.

During the hearing, the trial court questioned the appellant about his pleas as follows:

Q. Mr. Godspower, it appears today you're entering a plea to second degree murder, a Class A Felony, receiving a 30 year sentence as a 100 Percent Offender, is that correct?

A. Yes, sir.

Q. And in Count 5, you're entering a plea to attempted first degree murder, receiving a 30 year sentence to the Department of Corrections as a Multiple or 35 Percent Offender, is that correct?

[Defense counsel]: 35 percent.

Mr. Godspower: Yes, sir.

BY THE COURT: And do you understand today it's been announced by the State that you're actually pleading out of range, is that correct?

A. Yes, sir.

. . . .

Q. And did you talk with [defense counsel] about that?

A. Yes, sir.

Q. You understand today once you enter these pleas, they go on your record as convictions. And later if you're arrested, charged, and convicted in any other case, these convictions could be used to enhance or increase your punishment in those later cases, is that correct?

A. Yes, sir.

Q. Mr. Godspower, do you have any question at all about these pleas?

A. No, sir.

At the conclusion of the hearing, the trial court accepted the appellant's guilty pleas and announced that he was to serve concurrent sentences of 30 years to be served at 100% for second degree murder and 30 years to be served at 35% for attempted first degree murder.

Three days later, the appellant filed a handwritten motion to withdraw his guilty pleas, claiming that the negotiated plea agreement form stated that he was to receive only one 30-year sentence to be served at 100%, "but when judgment was entered it was something else unaware to me or my lawyer." On November 28, 2012, the appellant filed a letter in which he stated,

This is what I [pled] to and is in my negotiated plea agreement[:] 30 yrs at 100% for both counts but the DA didn't honor the plea agreement between me and the State by saying I would receive

30 yrs at 100% and another 30 yrs at 35% so on these grounds
I am withdrawing my plea of guilty[.]

At a hearing on November 30, 2012, the trial court questioned the appellant about his pleas, and the appellant stated, "The only problem that I had with the plea was that I was under the notion that it was a 30 year offer on the whole case. . . . And the next time I heard about the 30 and 30 was the day of the [plea] hearing." The appellant also stated that defense counsel "had cleared everything [about] the doubts that I was having about the two sentences that was imposed" but that "[i]f I had had it running consecutive, . . . I would maybe even go out on parole on my first one or the second one. But now I can't go out on parole." The trial court asked the appellant if he remembered being told during the plea hearing that he was being sentenced to thirty years at 100%. The appellant answered yes and said,

And I was under the impression the whole offer of 30 would be
they were going to split it on two counts. 15 and 15.

If we can go back and amend the plea and keep it on that
30 and not 30 and 35, that would be okay. But if not, I'll go
ahead and take whatever is presented now. Because I don't
want to go back to trial. I don't want to go back to trial on it.

The trial court stated that the appellant could either move forward on his motion to withdraw his guilty pleas or withdraw the motion. The appellant answered, "I'll withdraw the motion. I'm just going to apply for sentencing reduction."

On December 6, 2012, the appellant filed a second handwritten motion, requesting that he be allowed to withdraw his pleas because defense counsel "failed to properly execute the plea according to what we discussed and agreed upon." The trial court appointed new counsel for the appellant. At a hearing on the motion on February 1, 2013, new counsel announced that the appellant "wishes to have the motion stricken from the docket." Trial counsel questioned the appellant under oath, the appellant confirmed that he wanted to withdraw the motion to withdraw his guilty pleas, and the trial court granted the motion.

On February 7, 2013, the appellant filed a handwritten motion to reduce his sentences "due to ineffective assistance of counsel." On February 19, 2013, the trial court filed an order denying the motion, finding "no post-sentencing information or developments that would, in the interest of justice, warrant a reduction of sentence."

-4-

## II.  Analysis

The appellant contends that the trial court abused its discretion by denying his motion to reduce his sentences without a hearing because the negotiated plea agreement form he signed on November 9, 2012, was altered without his knowledge.  He contends that he was not aware prior to the plea hearing that the form had been altered and that the sentences imposed at the plea hearing were the sentences "reflected on the altered agreement."  He claims that his drafting the first motion to withdraw his guilty pleas immediately after the guilty plea hearing demonstrates his confusion and lack of understanding regarding his sentences.  The State argues that the trial court properly denied the appellant's motion for reduction of sentences without a hearing.  We agree with the State.

Rule 35(a), Tennessee Rules of Criminal Procedure, provides that a trial court "may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked."  The Advisory Commission Comments to Rule 35 explain that "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."  Moreover, the trial court may deny the motion without a hearing.  Tenn. R. Crim. P. 35(c).  Our standard of review when considering a trial court's denial of a Rule 35 motion is whether the trial court abused its discretion.  State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

The crux of the appellant's argument relates to the fourth page of his written negotiated plea agreement.  The original page shows the following table:

| CASE # & COUNT | F67377 | |
| CONVICTION OFFENSE | 2nd Degree Murder Att. 1st Murder | |
| SENTENCE IMPOSED | 30 Yrs | |
| RANGE & OFFENDER CLASSIFICATION | 100% | |
| CONCURRENT | | |

| | | |
|---|---|---|
| CONSECUTIVE | | |
| PLACE OF CONFINEMENT | TDOC | |
| FINE | | |

Apparently unbeknownst to the appellant, the following table was substituted prior to his guilty plea hearing:

| CASE # & COUNT | F67377 Ct 5 | Ct 2 |
|---|---|---|
| CONVICTION OFFENSE | 2nd Degree Murder | Att 1st Murder |
| SENTENCE IMPOSED | 30 Yrs | 30 Yrs |
| RANGE & OFFENDER CLASSIFICATION | 100% | @35% |
| CONCURRENT | Ct 2 | Ct 5 |
| CONSECUTIVE | | |
| PLACE OF CONFINEMENT | TDOC | TDOC |
| FINE | 0 | 0 |

The appellant contends that the trial court should have been aware of the altered plea agreement form and, therefore, that the interests of justice required a hearing "to assure that the appellant understood 'all elements of the sentencing decision,' particularly since the appellant was pleading to a sentence out of range." We conclude that the trial court properly denied the motion to reduce the sentences. At the guilty plea hearing, the trial court carefully questioned the appellant about his pleas, advising him twice that he was pleading guilty to second degree murder and attempted first degree murder and receiving concurrent sentences of 30 years to be served at 100% and 30 years to be served at 35%. The appellant never

questioned the sentences or expressed confusion. In sum, although the appellant now contends that he was confused, the plea hearing transcript belies that claim. Moreover, by the time the appellant filed his motion to reduce his sentences on February 7, 2013, he had already filed two pro se motions to withdraw his guilty pleas on the basis that he did not understand his sentences and had voluntarily withdrawn both motions. Therefore, we agree with the trial court that the interests of justice did not warrant a modification of the appellant's sentences and conclude that the trial court did not abuse its discretion by denying his motion to reduce his sentences.

### III.  Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE