IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2016

## STATE OF TENNESSEE v. WILLIAM SCOTT DEADRICK

**Direct Appeal from the Criminal Court for Sullivan County**
No. S62815     R. Jerry Beck, Judge

_____

**No. E2015-01650-CCA-R3-CD – Filed May 23, 2016**

_____

The appellant, William Scott Deadrick, pled guilty in the Sullivan County Criminal Court to multiple counts of selling and delivering less than one-half gram of a Schedule II controlled substance within a school zone. The trial court merged some of the convictions and sentenced the appellant to an effective eight-year sentence to be served at 100%. Subsequently, the appellant filed a motion for reduction of sentence, which the trial court summarily denied. On appeal, the appellant challenges the trial court's denial of his motion. Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which, ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Dudley Senter (at trial), Blountville, Tennessee, and for the appellant, William Scott Deadrick.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Barry Staubus, District Attorney General; and Josh Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In October 2013, the Sullivan County Grand Jury indicted the appellant for count one, selling one-half gram or more of a Schedule II controlled substance within 1,000 feet

of a secondary school; count two, delivering one-half gram or more of a Schedule II controlled substance within 1,000 feet of a secondary school; count three, selling one-half gram or more of a Schedule II controlled substance within 1,000 feet of a middle and secondary school; count four, delivering one-half gram or more of a Schedule II controlled substance within 1,000 feet of a middle and secondary school; count five, selling one-half gram or more of a Schedule II controlled substance within 1,000 feet of a preschool and child care agency; and count six, delivering one-half gram or more of a Schedule II controlled substance within 1,000 feet of a preschool and child care agency. Counts one and two allegedly occurred on November 19, 2012, and counts three through six allegedly occurred on November 26, 2012.

In February 2015, the appellant pled guilty in all six counts to selling or delivering less than one-half gram of a Schedule II controlled substance within 1,000 feet of a school.[1] The convictions in counts one, two, three, and four were Class B felonies, and the convictions in counts five and six were Class C felonies. The trial court merged count two into count one and counts four, five, and six into count three. The appellant received concurrent eight-year sentences to be served at 100%.

In June 2015, the appellant filed a pro se motion for reduction of sentence. In the motion, he alleged that an undercover informant called him to her home; that the police, not the appellant, chose the location for the drug sales; and that he did not know he was selling drugs in school zones. The appellant stated that he was requesting "a reduction in the percentage he must serve" and that he did not know when he pled guilty that he "had the right to question the fact that the police had intentionally chosen a spot within a school zone." The appellant stated that he did not want a retrial but requested that his release eligibility be modified from 100% to 35%. In July 2015, the trial court denied the motion.

## II. Analysis

On appeal, the appellant, now represented by counsel, contends that the trial court erred by dismissing his motion for reduction of sentence. The appellant acknowledges that his effective eight-year sentence to be served at 100% is the minimum sentence available for the Class B felony offenses to which he pled guilty and that Rule 35, Tennessee Rules of Criminal Procedure, does not provide the trial court with authority to reduce his effective sentence further without altering the actual convictions. The appellant suggests that the more appropriate procedure at this point would be for him to file a petition for post-conviction relief.

---

[1] The transcript of the guilty plea hearing is not in the appellate record.

Rule 35(a), Tennessee Rules of Criminal Procedure, provides that a trial court "may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." The Advisory Commission Comments to Rule 35 explain that "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Moreover, the trial court may deny the motion without a hearing. Tenn. R. Crim. P. 35(c). Our standard of review when considering a trial court's denial of a Rule 35 motion is whether the trial court abused its discretion. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

Our Code provides that knowingly selling or delivering less than one-half gram of a Schedule II controlled substance is a Class C felony. See Tenn. Code Ann. 39-17-417(a)(2), (a)(3), (c)(2)(A). However, transactions that occur within 1,000 feet of a public or private elementary school, middle school, or secondary school must be punished one classification higher. See Tenn. Code Ann. § 39-17-432(b)(1); see also Tenn. Code Ann. § 39-17-432(b)(3) (providing that if the transaction occurs "within the prohibited zone of a preschool, childcare center, public library, recreational center or park," the offender is subject to an increased fine but not to an increased classification of offense). Moreover, the defendant must serve at least the minimum sentence for the defendant's appropriate range of sentence. See Tenn. Code Ann. § 39-17-432(c). The minimum punishment in the range for a Range I, standard offender convicted of a Class B felony is eight years. See Tenn. Code Ann. § 40-35-112(a)(2).

As the appellant himself acknowledges, his eight-year sentences are the minimum punishments in the range for the Class B felony offenses to which he pled guilty. Moreover, he is statutorily required to serve those eight-year sentences in confinement. Therefore, the interests of justice did not warrant a reduction of the appellant's sentences, and we conclude that the trial court did not abuse its discretion by denying his motion.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE