# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 21, 2010

## STATE OF TENNESSEE v. ROBERT CONLEY

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-A-597     Cheryl Blackburn, Judge**

---

**No. M2009-00676-CCA-R3-CD - Filed February 8, 2011**

---

Defendant, Robert Conley, filed a *pro se* notice of appeal which was timely as to the trial court's order denying Defendant's motion for reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. The trial court subsequently appointed counsel to represent Defendant. In his brief on appeal, Defendant challenges the trial court's order revoking his community corrections sentence and ordering service of the fourteen-year sentence by incarceration, in addition to arguing that the trial court erred by denying his Rule 35 motion. We conclude that the issue regarding revocation of the community corrections sentence is waived by Defendant's failure to timely appeal that order. Further, we find that the trial court did not abuse its discretion by denying Defendant's Rule 35 motion, and, accordingly affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

J. David Wicker, Jr., Nashville, Tennessee, for the appellant, Robert Conley.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jeff Burks, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

A concise outline of the procedural history of Defendant's case is beneficial in our review in this appeal. While the original judgment of conviction is not included in the appellate record, we glean from the amended judgment and the trial court's comments in the

transcripts that, following a jury trial in June 2006, Defendant was convicted of sale of less than 0.5 grams of cocaine. He was originally sentenced to twelve years at 45% as a persistent offender. He was allowed to serve the sentence in the community corrections program.

A community corrections violation by Defendant in September 2006 resulted in an increase in the sentence length to fourteen years, but Defendant was still allowed to serve it in the community corrections program. In February of 2007 another violation resulted in Defendant having to serve a year of incarceration, after which he was again placed into community corrections.

Finally, in July 2008, another community corrections violation warrant was filed, alleging that Defendant tested positive for cocaine in a June 2008 urine sample, that he was delinquent in paying supervision fees and court costs, and that he had violated his curfew. Following a hearing on August 6, 2008, at which Defendant conceded he had violated conditions of his community corrections sentence, the trial court took the issue of disposition under advisement until August 22, 2008.

However, an amended violation warrant that was filed August 22, 2008, and another warrant filed September 12, 2008, resulted in the final hearing being delayed until October 3, 2008. The amended warrants alleged that Defendant had absconded by not reporting to his supervising officer and had been arrested (and convicted) in Williamson County for driving on a suspended driver's license, after being stopped by police for driving without using a seat belt. As a result of that hearing, the trial court entered an amended judgment on October 3, 2008 which revoked Defendant's community corrections sentence and ordered him to serve his fourteen-year sentence, with consideration of appropriate statutory jail credits, in the Tennessee Department of Correction.

On December 8, 2008, Defendant, through his appointed counsel, filed a motion to reduce the sentence imposed on October 3, 2008, pursuant to Tennessee Rule of Criminal Procedure 35. Following a hearing on the Rule 35 motion, the trial court denied the motion on February 20, 2009. On Monday March 23, 2009, Defendant filed a *pro se* notice of appeal "from the adverse judgment he received in this cause."

*Revocation of Community Corrections*

The trial court's order revoking Defendant's sentence in the community corrections program and requiring him to serve his sentence by incarceration in the Tennessee Department of Correction was entered on October 3, 2008. Defendant did not file any notice of appeal in his case until he filed a generalized notice of appeal on the last available date to

timely appeal from the trial court's order denying the Rule 35 motion. While Tennessee Rule of Appellate Procedure 4(a) states that a notice of appeal must be filed within thirty days of entry of the judgment appealed from, the notice of appeal in criminal cases is not jurisdictional, and Rule 4(a) provides that the timely filing of a notice of appeal "may be waived in the interest of justice." In considering whether the timely filing of the notice of appeal should be waived, we note that Defendant had twice before the instant violations been found in violation of his conditions of the community corrections sentence, yet he was ultimately placed back into the community corrections program. He conceded the violations which led to the ultimate revocation of his community corrections sentence in October 2008. While the issue of disposition was under advisement, Defendant was arrested and found guilty of driving on a suspended driver's license after being stopped by police for driving without using a seat belt. The "interest of justice" does not require that a generic notice of appeal, which was filed more than four months late, and which did not specifically describe the order from which the appeal was taken, should suffice to waive the timely filing of the notice of appeal.

Accordingly, this issue is waived.

*Denial of Rule 35 Motion*

Appellate review of the trial court's ruling which denied a Tennessee Rule of Criminal Procedure 35 motion is governed by the "abuse of discretion" standard. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). This Court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006).

Relying on *Ruiz*, Defendant argues that it was illogical and unreasonable for the trial court to order his fourteen-year sentence to be served by incarceration "because of an arrest for driving on a suspended license." Defendant asserts that the trial court "reiterated" at the Rule 35 motion hearing that "[the court] had sent [Defendant] to the Department of Correction[] on a lengthy sentence [fourteen years] for being arrested on a moving violation."

Despite hearing testimony from Defendant's girlfriend at the Rule 35 motion hearing that Defendant was compelled to drive her car on the day of his arrest when she became too ill to drive, the trial court saw no reason to justify granting the extraordinary relief authorized by Tennessee Rule of Criminal Procedure 35. In so ruling, the trial court stated:

> And I recall my struggle with this because it's awful to send somebody to the
> Department of Correction[] for a lengthy sentence when it's like being arrested

on a seat belt violation. *But that wasn't the only thing.* If you look at the warrant, *there was also positive screens for cocaine.* So anyway I just remember my struggle with it because it seems like such a harsh punishment even though he originally agreed to it. But we worked with [Defendant], we worked with [Defendant], and we worked with [Defendant]. So the question is: Is there anything that's contemplated by Rule 35 that I've heard today? Because if you look at the comments under Rule 35, it says the intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interest of justice. It's a modification where there's no other mechanism for which you could do this. It's sort of a safety valve in the law. I've always considered it basically for manifest injustice. And I understand [Defense counsel's] position in that – the question is then would I have done anything differently if I heard from his girlfriend at the time [of the revocation hearing]. Quite honestly I wouldn't have. I mean, I understand what she's saying, but I already knew about all that. (emphasis added).

Clearly, the trial court did not revoke Defendant's community corrections sentence and send him to serve a fourteen-year sentence, or deny his Rule 35 motion, *solely* because Defendant was "arrested on a moving violation." We find nothing in the record to indicate that the trial court abused its discretion by denying Defendant's Rule 35 motion. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-4-